**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID FLORES,

               Petitioner - Appellant,

   v.

DAVID B. LONG,

               Respondent - Appellee.

No. 11-55235

D.C. No. 2:06-cv-00097-JVS-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

    We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 to review the denial

of David Flores's 28 U.S.C. § 2254 habeas petition. We review the district court's

denial of the habeas petition de novo, *Maciel v. Cate*, 731 F.3d 928, 932 (9th Cir.

2013), and affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  To the extent Flores invites us to second-guess the California Court of Appeal's interpretation of California law, we decline the invitation, because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  The California Court of Appeal's decision affirming the trial court's refusal to give the jury the duress instruction was not unreasonable.  *See* 28 U.S.C. § 2254(d).  The record supports the California Court of Appeal's factual determination that there was no evidence Flores committed the crimes under duress.  Omission of a duress instruction could therefore not have "so infected the entire trial that the resulting conviction violates due process."  *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).

2.  Flores's argument that the trial court misapplied California rules of evidence when it admitted a hearsay statement "fall[s] outside the scope of federal habeas relief, which is designed only to remedy violations of federal law."  *Winzer v. Hall*, 494 F.3d 1192, 1198 (9th Cir. 2007).  Admission of the non-testimonial statement did not implicate the Confrontation Clause.  *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).

3.  Flores is not entitled to relief on his ineffective assistance claim, because "there is [a] reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).  The decision to call

Marcos Campos or William Simon as witnesses could have hurt Flores's defense and therefore falls within the "wide latitude counsel must have in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). And, even assuming trial counsel was deficient for failing to call Benjamin Flores, Flores failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Flores also faults trial counsel for failing to call expert witnesses and speculates that they would have supported his defense. "Such speculation, however, is insufficient to establish prejudice." *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

The judgment of the district court is **AFFIRMED.**